IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER DOERR                                          PLAINTIFF/COUNTER-DEFENDANT

v.                                                         CIVIL ACTION NO. 1:09-CV-00199-GHD-DAS

LAUREN SISSON AND JAMES SISSON                             DEFENDANTS/COUNTER-PLAINTIFFS

**LEAD CASE CONSOLIDATED WITH**

CHRISTOPHER DOERR                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:11-CV-00239-GHD-DAS

OKTIBBEHA COUNTY, MISSISSIPPI                              DEFENDANT

## MEMORANDUM OPINION GRANTING DEFENDANT OKTIBBEHA COUNTY, MISSISSIPPI'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court in this consolidated case is a motion for summary judgment [61 in 1:11-CV-00239-GHD-DAS] filed by Defendant Oktibbeha County, Mississippi. Upon due consideration, the Court finds that the motion is well taken.

### *A. Factual and Procedural Background*

The following facts giving rise to this 42 U.S.C. § 1983 action are not in dispute: In the fall of 2008, Plaintiff Christopher Doerr ("Plaintiff") and Defendant Lauren Sisson ("Defendant") were students at Mississippi State University. On or about November 15, 2008, Defendant attended a party at Plaintiff's apartment. The two engaged in conversation, drank alcohol, flirted, and ended up having sexual relations with each other. Two days later, Defendant went to the Oktibbeha County Sheriff's Department and pressed charges against Plaintiff for rape. Her signed affidavit states that Plaintiff "willfully, unlawfully[,] and feloniously ha[d] sexual intercourse not constituting forcible sexual intercourse or statutory rape with [Defendant]

1

without her consent, by administering to her an intoxicating beverage which prevented her from effectually resisting the actions of [Plaintiff] by producing such stupor . . . ." *See* Def.'s Aff. [41-2]. An Oktibbeha County deputy sheriff presented Defendant's signed and notarized affidavit to Oktibbeha County Justice Court Judge James A. Mills, who issued a warrant to arrest Plaintiff. Subsequently, Plaintiff was arrested, and an investigation ensued. After the investigation concluded, the charges were dropped. Two other charges were later brought before the Grand Jury, which returned a "No Bill" on both charges.

Plaintiff alleges that Defendant's affidavit against him was false, conclusory, and lacking any factual basis to support probable cause. Plaintiff avers that Defendant executed the affidavit based on her father's urging and the sheriff deputy's advice. Plaintiff further avers that the Oktibbeha County Sheriff's Department had a policy or custom to request arrest warrants from Oktibbeha County Justice Court Judges based on "conclusory and false" affidavits; that the Sheriff's Department knew these judges, including Justice Court Judge Mills, "had no legal training and no knowledge of the necessity of demonstrating facts showing probable cause as a prerequisite to the issuance of an arrest warrant"; and that the judges, including Justice Court Judge Mills, would "execute warrants based upon deputies' requests, together with the conclusory affidavits, containing no facts showing probable cause." Pl.'s Second Am. Compl. [41] ¶ 13.

Plaintiff commenced a suit against Defendant and her father for the alleged injuries he sustained as a result of the arrest and subsequent investigation. Plaintiff subsequently initiated this suit against Oktibbeha County alleging a Fourth Amendment false arrest violation under 42 U.S.C. § 1983. Both suits were consolidated by this Court for trial purposes. As the motion for

summary judgment [61 in 1:11-CV-00239-GHD-DAS] before the Court concerns only the § 1983 claim brought against Oktibbeha County, the Court will cabin its analysis to that claim.

### B. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a

nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

## *C. Analysis and Discussion*

Plaintiff alleges pursuant to 42 U.S.C. § 1983 that Oktibbeha County had an unconstitutional policy or custom of seeking arrest warrants based on conclusory and false affidavits containing no factual basis supporting probable cause, and that arrest warrants were routinely issued by the county justice court judges based on those affidavits. Plaintiff further alleges that his arrest on the rape charge constituted a false arrest under the Fourth Amendment that was caused by the execution of Oktibbeha County's unconstitutional policy of obtaining arrest warrants without probable cause.

Oktibbeha County moves for summary judgment, contending that Plaintiff has presented no proof that a custom of presenting conclusory affidavits prevailed within the Oktibbeha County Sheriff's Department or that warrants were issued without probable cause; and that Plaintiff has presented no proof that his arrest on rape charges, even if unconstitutional, was "caused" by the execution of an Oktibbeha County custom of obtaining warrants without probable cause.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Congress intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies," but only if an official policy or custom caused the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The municipality or other local government unit cannot be held liable under a *respondeat superior* theory. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 244 (5th Cir. 1993).

In order for a plaintiff to assert a claim for municipal liability under § 1983, he must establish proof of three elements: **(1)** a policymaker, **(2)** an official policy or custom, and **(3)** a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694, 98 S. Ct. 2018). The Court will examine each prong in turn.

**(1) Policymaker**

With respect to the "policymaker" prong, "[a] single decision may create municipal liability if that decision [is] made by a final policymaker responsible for that activity." *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005); *see also Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1246 (5th Cir. 1993). A county is liable under § 1983 for those actions of its sheriff that constitute county "policy." *Monell*, 436 U.S. at 694, 98 S. Ct. 2018. Whether a sheriff is a policymaker is a state-law question. *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 784–93, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997). "[T]he constitutional analysis turn[s] in part on the way the State ha[s] structured its relationship with its political subdivisions." *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 374, 129 S. Ct. 1093, 172 L. Ed. 2d 770 (2009) (citing *McMillian*, 520 U.S. at 786, 117 S. Ct. 1734). "Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." *Brooks v. George County, Miss.*, 84

F.3d 157, 165 (5th Cir. 1996); *accord Hampton Co. Nat'l Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 227 (5th Cir. 2008). The Court finds that Plaintiff has sufficiently alleged that the Oktibbeha County Sheriff was a policymaker.

### (2) Official Policy or Custom

With respect to the "official policy or custom" prong, "[o]fficial policy is normally found in promulgated policy statements, ordinances or regulations, but an official policy may also be evidenced by a custom." *Piotrowski*, 237 F.3d at 579. A custom is "a persistent, widespread practice of [c]ity officials or employees, which, although not authorized by officially adopted . . . policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

Plaintiff has alleged that the Oktibbeha County Sheriff's Department had a policy or custom of seeking arrest warrants from Oktibbeha County Justice Court Judges based on conclusory and false affidavits lacking a basis in fact. Oktibbeha County argues in support of summary judgment that the Oktibbeha County Sheriff's Department instead had a policy or custom of seeking arrest warrants from Oktibbeha County Justice Court Judges based on the victim's statement, case investigative file, and affidavits containing a detailed factual basis.

In viewing the summary judgment evidence, the Court finds ample evidence to demonstrate that the Oktibbeha County Sheriff's Department had a policy or custom of requesting arrest warrants based on affidavits alone. Then-Oktibbeha County Sheriff Dolph Bryan testifies in his deposition that arrest warrants were handled on a case-by-case basis, but the policy on requesting arrest warrants was to present the justice court judge with an affidavit (either the deputy's affidavit on information and belief or the alleged victim's signed affidavit). Bryan Dep. [71-7] at 28; *see also* Chief Deputy Carrithers Dep. [71-10] at 7. However, Bryan

testifies that the justice court judges sometimes declined to issue arrest warrants based solely on the affidavits and requested "more." Bryan Dep. [71-7] at 33; *see also* Carrithers Dep. [71-10] at 7. "You['ve] got to have probable cause or the judge is not going to issue you a warrant." Bryan Dep. [71-7] at 34.

Bryan testifies that he approved the deputy sheriffs to request the arrest warrant against Plaintiff, because he believed there was probable cause to support the issuance of that arrest warrant. *Id.* at 17–18. Bryan testifies that he believed Justice Court Judge Mills likely would issue an arrest warrant based on Defendant's signed affidavit, because it was not based on an officer's information and belief, but an alleged victim's statement, and because it demonstrated probable cause. *Id.* at 21. Justice Court Judge Mills testifies in his deposition that he issued the arrest warrant based on Defendant's signed and notarized affidavit alone. *See* Mills Dep. [71-6] at 4, 6. Mills further testifies that it was his practice to issue arrest warrants based solely upon affidavits, but that he would not always issue arrest warrants based on affidavits if he felt something was lacking. *Id.* at 5.[1]

Although this testimony tends to show that the Oktibbeha County Sheriff's Department had a policy or custom of requesting arrest warrants based on affidavits alone, Plaintiff has offered no proof that there was a policy of presenting affidavits to the justice court judges that were conclusory, false, and/or without a factual basis to support probable cause. Thus, Plaintiff's case against Oktibbeha County fails on the "policy or custom" prong. However, assuming, *arguendo*, Plaintiff has made a sufficient showing that a policy or custom was in place

---

[1] The Court notes that Oktibbeha County cannot have liability under § 1983 based on Justice Court Judge Mills' issuance of the arrest warrant, even if that issuance was improper. "[A] county judge acting in his judicial capacity to enforce state law does not act as a local government official or lawmaker." *See Johnson v. Moore*, 958 F.2d 92, 93–94 (5th Cir. 1992); *accord Jones v. Lowndes County, Miss.*, 678 F.3d 344, 350–51 (5th Cir. 2012); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). The parties do not dispute this. Plaintiff maintains that any fault lies with the Oktibbeha County Sheriff's Department's alleged policy of requesting arrest warrants without probable cause for the arrest.

of obtaining arrest warrants based on conclusory and false affidavits lacking a factual basis to support probable cause, Plaintiff has failed to show that any such policy or custom was a "moving force" of the alleged Fourth Amendment violation.

### (3) Constitutional Violation Whose "Moving Force" Is the Policy or Custom

With respect to the third prong, the Court notes that the Plaintiff alleges a Fourth Amendment violation based on the issuance of warrants for his arrest lacking probable cause. The Fourth Amendment to the United States Constitution governs the right to be free from unjust arrest and detention. *Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). For an arrest to be lawful, it must be supported by probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004) (citing *Hinshaw v. Doffer*, 785 F.2d 1260, 1266 (5th Cir. 1986)). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). An arrest warrant can only be constitutionally issued if there are specific facts present in the submitting officer's affidavit that demonstrate probable cause. *Malley v. Briggs*, 475 U.S. 335, 345, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986). A "bare bones" affidavit stating little more than the accused committed the crime is insufficient. *United States v. Brown*, 941 F.2d 1300, 1303 (5th Cir. 1991).

The Court finds that although Plaintiff has alleged in his complaint that the arrest warrant was issued without probable cause, he has offered no proof to support this allegation. The affidavit signed by Defendant and notarized by a deputy sheriff was based on an alleged victim's statement, which is considered credible in a probable cause determination. *See Walker v. State*, 473 So. 2d 435, 438 (Miss. 1985); *see also United States v. Phillips*, 727 F.2d 392, 397 (5th Cir.

1984). The affidavit is far from a "bare bones" affidavit lacking a factual basis. First, the affidavit sets forth that on a particular date (November 16, 2008) and at a particular location (Plaintiff's address in Oktibbeha County) Plaintiff supplied alcohol to the alleged victim, which caused her to become intoxicated to the point that she could not give consent to sex, and that Plaintiff engaged in sex with her without her consent. The affidavit also states that these acts constitute a rape under Mississippi Code § 97-3-65(4), which provides in pertinent part:

> Every person . . . who shall have sexual intercourse not constituting forcible sexual intercourse or statutory rape with any person without that person's consent by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

The Court finds that the affidavit establishes probable cause for Plaintiff's arrest on a rape charge under Mississippi law.

However, assuming, *arguendo*, that the affidavit does not provide a factual basis to establish probable cause for Plaintiff's arrest, and that Plaintiff has made a sufficient showing of a Fourth Amendment violation, Plaintiff has failed to present summary judgment evidence that an Oktibbeha County policy or custom was the moving force behind the alleged constitutional violation. The United States Supreme Court has stated:

> As our § 1983 municipal liability jurisprudence illustrates, . . . it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its <u>deliberate</u> conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal

> link between the municipal action and the deprivation of federal rights. . . .
>
> [P]roof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains.

*Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

Thus,

> [f]or a municipality to be liable on account of its policy, the plaintiff must show, among other things, either (1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers "with 'deliberate indifference' as to its known or obvious consequences . . . A showing of simple or even heightened negligence will not suffice."

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task*, 379 F.3d 293, 309 (5th Cir. 2004) (citing *Bd. of Cnty. Comm'rs*, 520 U.S. at 405–07, 117 S. Ct. 1382). The Fifth Circuit has further explained:

> [A] direct causal connection must exist between the policy and the alleged constitutional deprivation. This connection must be more than a mere "but for" coupling between cause and effect. To form the basis of liability under § 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it.

*Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnotes omitted).

The Court finds that Plaintiff has alleged no facts to support his conclusion and subjective belief that he suffered a constitutional violation as a result of a policy or custom of Oktibbeha County. Plaintiff has not presented proof that Oktibbeha County had the requisite degree of culpability. Plaintiff has not presented proof that Oktibbeha County had knowledge that alleged

false information was submitted by an Oktibbeha County deputy sheriff in order to procure the warrant at issue. Plaintiff's conclusory allegations and unsubstantiated assertions do not suffice to create a genuine dispute of material fact. "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

For all these reasons, Plaintiff has not produced summary judgment evidence that could support liability under 42 U.S.C. § 1983, and summary judgment is proper as to Plaintiff's § 1983 claims against Oktibbeha County.

*D. Conclusion*

In sum, the Court finds that Oktibbeha County's motion for summary judgment [61 in 1:11-CV-00239-GHD-DAS] should be GRANTED, and all claims against Oktibbeha County should be DISMISSED WITH PREJUDICE.

A separate order in accordance with this opinion shall issue this day.

THIS, the 2nd day of July, 2013.

_____
SENIOR JUDGE